IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 14, 2013

**ANTONIO ANGEL ONATE v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2010-C-1773    Monte Watkins, Judge**

_____

**No.  M2013-00531-CCA-R3-PC - Filed August 28, 2013**

_____

Petitioner, Antonio Angel Onate, appeals from the Davidson County Circuit Court's summary dismissal of his petition for post-conviction relief after a 2011 guilty plea to facilitation to sell cocaine weighing less than .5 grams.  Petitioner argues that the trial court erred by concluding that the petition was untimely and that the one-year statute of limitations was not tolled.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROBERT W. WEDEMEYER, JJ., joined.

Melissa Anderson, Nashville, Tennessee, for the appellant, Antonio Angel Onate.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Victor S. Johnson, District Attorney General, and Roger Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

Petitioner, a foreign national from Mexico, pled guilty to facilitation of the sale of less than .5 grams of cocaine on September 15, 2011, and received a four-year sentence.  He filed a petition for post-conviction relief on January 3, 2013, alleging that he was denied effective assistance of counsel because counsel did not advise him of immigration consequences that might result from his guilty plea.  In the petition he argued that *Padilla v. Kentucky*, 559 U.S.

356 (2010), retroactively applied in post-conviction proceedings. Also, he claimed that due process principles required tolling the statute of limitations for post-conviction relief. The post-conviction court dismissed the petition as untimely and concluded that *Padilla* did not apply retroactively. This appeal followed.

Under the Post-conviction Procedure Act, a petition for post-conviction relief must be filed within one year of the date of the final action of the highest state appellate court to which an appeal is taken, or if no appeal is taken, within one year of the date on which the judgment became final. T.C.A. § 40-30-102(a). Unless one of the enumerated exceptions applies, a court does not have jurisdiction to consider an untimely petition. *See* T.C.A. § 40-30-102(b). Tennessee Code Annotated section 40-30-102(b) states:

> (b) No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless:
>
> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;
>
> (2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or
>
> (3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

In addition to the exceptions set out in the statute, the courts in this State have found that due process concerns can toll the statute of limitations in certain factual situations. *See Williams v. State*, 44 S.W.3d 464 (Tenn. 2001); *Sands v. State*, 903 S.W.2d 297 (Tenn. 1995); *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992). In this line of cases, the court focused on the fact that the pervasive theme in the petitioner's grounds for relief is that circumstances beyond a petitioner's control prevented the petitioner from filing the petition

for post-conviction relief within the statute of limitations. *Smith v. State*, 357 S.W.3d 322, 358 (Tenn. 2011).

Recently in *Padilla*, the United States Supreme Court held that an attorney rendered deficient performance when the attorney failed to advise a defendant about the fact that his guilty plea to an offense provided for deportation under federal immigration law. *Padilla*, 559 U.S. at ___, 130 S.Ct. at 1483-84. This is the first prong of an ineffective assistance of counsel claim. *Id.*; *see Strickland v. Washington*, 466 U.S. 668 (1984). *Padilla* also noted that in cases where the consequences of criminal charges are not clear, an attorney must advise his client of the risk of adverse immigration consequences. 559 U.S. at ___, 130 S.Ct. at 1483. The Court rejected the notion that a distinction could be drawn between direct and collateral consequences of criminal proceedings in cases involving immigration issues for the purposes of defining counsel's obligation to provide effective assistance.[1] *Id.* 559 U.S. at ___, 130 S. Ct. at 1481. Before the *Padilla* decision, Tennessee was one of the jurisdictions which held that deportation was a collateral consequence of a guilty plea, and therefore an attorney's performance was not deficient for failing to advise his client of that consequence. *See Bautista v. State*, 160 S.W.3d 917, 921-22 (Tenn. Crim. App. 2004).

The Supreme Court recently clarified that although *Padilla* announced a new rule of law, it was not to be applied retroactively. *Chaidez v. United States*, ___ U.S. ___, 133 S. Ct. 1103, 1107 (2013). Thus, because *Padilla* does not apply retroactively, the statutory exception to the post-conviction statute of limitations for a new rule of constitutional law does not apply. *See* T.C.A. § 40-30-102(b)(1).

If Petitioner herein is entitled to have his claim considered on its merits, due process must require tolling the statute of limitations. In order to determine if due process requires tolling of the statute of limitations we must weigh Petitioner's liberty interest against the State's interest in preventing the litigation of stale and fraudulent claims. *Sample v. State*, 82 S.W.3d 267, 273-74 (Tenn. 2002). To make that determination our supreme court has provided a three-step test:

(1) determine when the limitations period would normally have begun to run;

(2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and

---

[1] Several state courts and federal circuits subscribe to this line of reasoning.

-3-

(3) if the grounds are "later arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

*Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995).

This Court has specifically rejected arguments that the statute of limitations should be tolled on due process grounds for a *Padilla* claim because it is not "later arising" when it exists at the time of a defendant's guilty plea. *See, e.g., Clayton Bezuidenhout v. State*, No. M2012-01114-CCA-R3-PC, 2013 WL 1965992 (Tenn. Crim. App., at Nashville, May 13, 2013); *Ivano Stamegna v. State*, No. E2011-00107-CCA-R3-PC, 2011 WL 5971275, at *6-7 (Tenn. Crim. App., at Knoxville, Nov. 29, 2011). Moreover, lack of knowledge or late discovery of a claim does not make it "later arising." *See, e.g., Brown v. State*, 928 S.W.2d 453, 456 (Tenn. Crim. App. 1996). In other words, if Petitioner herein is entitled to due process tolling, it must be on a basis other than his *Padilla* claim.

Considering the *Sands* factors, we note that the Petitioner entered his guilty plea on September 15, 2011, and the judgment became final thirty days later on October 15, 2011. Petitioner's claim for ineffective assistance existed at the time of the guilty plea, and nothing prevented him from filing his petition for post-conviction relief within the limitations period. Although the Petitioner may not have known that his guilty plea might affect his immigration status, he has not alleged that the relevant immigration law did not exist when he pleaded guilty. *See Ricardo Rodriguez v. State*, No. M2011-02068-CCA-R3-PC, 2012 WL 4470675, at *7-8 (Tenn. Crim. App., at Nashville, Sept. 27, 2012) (concluding that although the petitioner was unaware of the deportation consequences of his guilty plea, the claim existed at the time he entered his guilty plea and was not later-arising). To the contrary, Petitioner entered his plea post-*Padilla*. We conclude that Petitioner herein has failed to show a later-arising ground for relief that permitted the post-conviction court's tolling of the statute of limitations on due process grounds. Consequently, the judgment of the post-conviction court is affirmed.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
JERRY L. SMITH, JUDGE